UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MICHAEL E. LAIGO,

                    Petitioner,

                                  v.

STATE OF NEW YORK,

                    Respondent.

---------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-04228 (PKC)

PAMELA K. CHEN, United States District Judge:

Pending before the Court is Petitioner Michael E. Laigo's application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons stated below, Laigo's application is denied in its entirety.

*BACKGROUND*

A.    *Procedural History*

On May 8, 2007, Laigo was convicted following a jury trial in New York State Supreme Court of criminal sale of a controlled substance in the third degree (New York Penal Law ("Penal Law") § 220.39[1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16[1]), and criminal possession of a controlled substance in the fifth degree (Penal Law § 220.05[5]). On July 17, 2007, Laigo was sentenced to concurrent terms of three years' imprisonment with two years of post-release supervision for the third-degree counts, and to two years' imprisonment followed by one year of post-release supervision for the fifth-degree count.

Laigo appealed his conviction to the Appellate Division, Second Department, where he argued:  (1) insufficiency of the evidence; (2) ineffective assistance by his trial counsel; (3) an excessive sentence; (4) prosecutorial misconduct; and (5) for re-sentencing under New York's Drug Reform Act of 2009.  Dkt. 1 at 3.  On February 16, 2010, the Appellate Division affirmed the judgment of conviction on all counts.  *People v. Laigo*, 70 A.D.3d 970 (2d Dep't 2010).  Laigo was denied leave to appeal to the New York Court of Appeals on June 9, 2010.  *People v. Laigo*, 15 N.Y.3d 752 (2010).

Laigo timely filed the instant petition on September 16, 2010, while on post-release supervision following his incarceration.  In his petition, Laigo argued that his trial counsel provided ineffective assistance by:  (1) failing to adequately cross-examine prosecution witnesses regarding contradictions and inconsistencies in their testimony, (2) failing to move for dismissal at the close of the prosecution's case with adequate specificity, (3) failing to request an "addicted witness" charge for certain prosecution witnesses, (4) failing to object to expert witness testimony, (5) failing to preserve sufficiency of the evidence objections for appellate review, and (6) failing to renew a motion for dismissal after presenting the defense's case.[1]

B.     *The Trial*

At Laigo's trial, the prosecution presented evidence showing that in the late afternoon of August 26, 2006, Laigo received a telephone message from an acquaintance, David Johnstone, asking if Laigo had cocaine for sale.  Dkt. 6 at 1.  Laigo later returned that call, asked whether Johnstone still was interested in purchasing cocaine, and instructed Johnstone to drive over to Laigo's house for the purchase.  Dkt. 6-20 at 2-3.  Johnstone, accompanied by his girlfriend, Brianne Danielson, arrived at Laigo's home in Westbury, New York around 6:00 p.m. that

---

[1]  As discussed at length in Section III, *infra*, Laigo did not appeal to the Appellate Division on all of these grounds, and therefore not all his claims are exhausted.

evening, at which point Laigo exited his home and approached Johnstone's vehicle.  Dkt. 6-20 at 3.  Danielson and Johnstone paid Laigo $170 in exchange for a small bag of cocaine, which Laigo passed to Johnstone through the car window.  Dkt. 6-20 at 3.  Johnstone then handed the bag to Danielson, who placed it in her purse.  Dkt. 6-20 at 3.

As the exchange was under way, an unmarked police vehicle drove down the street towards Johnstone's car.  Three plainclothes police officers observed Laigo take a folded wad of cash from Johnstone and drop a clear plastic bag into the car.  Dkt. 6-20 at 3-4.  The police officers stopped and exited the police vehicle and approached Johnstone's car.  Dkt. 6-20 at 4.  As the officers approached, they noted the smell of burnt marijuana.  Dkt. 6-20 at 4.  One of the police officers stuck out his hand and directed Danielson to "Give it to me."  Danielson produced the bag from her purse and gave it to the police officer.  Dkt. 6-20 at 5.  Laigo, Johnstone and Danielson all were taken into custody.  Dkt. 6-20 at 5.

Laigo's defense at trial essentially was that Johnstone owed him money for a series of small loans Laigo had given him in the past, and that the transaction the police had witnessed was the repayment of those debts, not a sale of cocaine.  Dkt. 6-3 at 5-8.  Laigo testified to that effect at trial.  Laigo's counsel argued to the jury, *inter alia*, that any drugs found as a result of the police inquiry must have been in the possession of either Johnstone or Danielson prior to their arrival at Laigo's residence.  Dkt. 6-20 at 10.

*DISCUSSION*

In his initial petition, Laigo sought *habeas corpus* relief on the basis of ineffective assistance of counsel at trial and sentencing, and on appeal.  Dkt. 1 at 8-11.  In his reply memorandum of law, however, Laigo expressly abandoned his ineffective assistance claims with

respect to sentencing and appeal.  *See* Dkt. 13, 15 at 1 n.1.  Accordingly, the Court only addresses Laigo's ineffective assistance claim with respect to his trial counsel.

I.      *Standard of Review under 28 U.S.C. § 2254*

Section 2254 provides that a *habeas corpus* application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "A state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when 'it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'"  *Norde v. Keane,* 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001)).

"Clearly established federal law 'refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'"  *Howard v. Walker,* 406 F.3d 114, 122 (2d Cir. 2005) (quoting *Kennaugh v. Miller,* 289 F.3d 36, 42 (2d Cir. 2002)).  A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."  *Penry v. Johnson,* 532 U.S. 782, 792 (2001) (internal quotation marks and citations omitted).

A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.*  (internal quotation marks and citation omitted).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a deferential standard of review: "a federal *habeas* court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)).  The Second Circuit added that, while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, *habeas* relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  *Id.*  (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).  Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo*.'"  *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

II.     *Mootness*

Although the parties have not addressed the issue, it bears mention that the instant petition is not moot merely because petitioner has served out his sentence and no longer is in custody or under post-release supervision.  *See United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) ("A criminal case does not necessarily become moot when the convict finishes serving the sentence.  Instead, the case will remain a live case or controversy if there exists some concrete and continuing injury or collateral consequence resulting from the conviction.") (internal quotation marks omitted).  A *habeas* petition involving a conviction or sentence that has immigration consequences may remain a live case or controversy, despite the petitioner's release from custody or removal from the United States.  *See, e.g., Fournier v. United States*, Nos. 07-

5

CR-187S, 10-CV-933S, 2013 WL 951371, at *2 (W.D.N.Y. Mar. 12, 2013) (addressing

mootness in a 28 U.S.C. § 2255 *habeas* proceeding).

Here, although Laigo no longer is in custody or under post-release supervision, as a

lawful permanent resident, he faces removal from the United States pursuant to § 237(a)(1)(c) of

the Immigration and Nationality Act, *see* Dkt. 13 at 12 (Ex. A at 3), and thus faces potential

ongoing, collateral consequences from his conviction.  Therefore, the petition poses a live case

or controversy and is not moot.

III.    *Exhaustion*

Notably, Laigo raised on direct appeal only some of the grounds he now sets forth in

support of his ineffective assistance claim.  *Compare* Dkt. 6-3 at 30–34 *with* Dkt. 1 at 6.

Therefore, to the extent that Laigo sought state appellate review of his ineffective assistance

claims, those claims are exhausted because Laigo may not seek state post-conviction collateral

review of claims determined on the merits on appeal.  N.Y.C.P.L. § 440.10(2)(a).  As to the

ineffective assistance claims that Laigo did *not* raise on appeal, those claims are unexhausted

because Laigo still may seek collateral review in state court.  *See* N.Y.C.P.L. § 440.10(3)(a)

(granting the state trial court discretion to consider collateral post-conviction claims with respect

to deprivation of counsel); *see also Faulkenson v. Conway*, 04-CV-0080, 2007 WL 160926, at *7

(E.D.N.Y. Jan. 10, 2007) (finding ineffective assistance claim not procedurally barred under

N.Y.C.P.L. § 440.10(3)(a)).  N.Y.C.P.L. § 440.10(3)(a) provides:

> 3. Notwithstanding the provisions of subdivision one, the court may deny a
> motion to vacate a judgment when:
>
> (a) Although facts in support of the ground or issue raised upon the motion could
> with due diligence by the defendant have readily been made to appear on the
> record in a manner providing adequate basis for review of such ground or issue
> upon an appeal from the judgment, the defendant unjustifiably failed to adduce
> such matter prior to sentence and the ground or issue in question was not

subsequently determined upon appeal. This paragraph does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right[.]

By its terms, this subsection "applies neither to matters that could not have been adduced 'prior to sentence' nor to 'a motion based upon the deprivation of the right to counsel,' presumably including a motion based on ineffective assistance of counsel." *Faulkenson*, 2007 WL 160926, at *7 (citing *Lopez v. Greiner*, 323 F. Supp. 2d 456, 465 (S.D.N.Y. 2004), *aff'd* 159 Fed. App'x 320 (2d Cir. 2005)). Both exceptions apply to Laigo.

First, "facts in support of a claim of ineffective assistance of trial counsel usually cannot be adduced prior to sentence because, generally, the petitioner will still be represented by trial counsel, and no record of counsel's alleged errors or omissions will be available." *Faulkenson*, 2007 WL 160926, at *7. Laigo still was represented at sentencing by the counsel he claims to have been ineffective, *see* Dkt. 1 at 14, which the Court presumptively finds satisfies the requirement that the evidence regarding Laigo's ineffective assistance claim "could not have been adduced" prior to sentence. *See Lopez*, 323 F. Supp. 2d at 456–66 (because "the petitioner will at [sentencing] still be represented by trial counsel, and no record of counsel's alleged errors or omissions will be available . . . post-judgment attacks on trial counsel's assistance should therefore be made by a motion pursuant to N.Y.C.P.L. § 440.10.") (citing cases). Second, N.Y.C.P.L. § 440.10(3)(a) provides that a movant is not procedurally barred from seeking vacatur of a conviction pursuant to "a motion based upon deprivation of the right to counsel," regardless of whether or not the petitioner had brought the ineffective assistance claim on direct appeal. *See Bolling v. Stinson*, 97-CV-6721, 1999 WL 287733, at *3 (E.D.N.Y. May 5, 1999). Therefore, Laigo is not procedurally barred from seeking further state post-conviction review of his ineffective assistance claims.

7

Because N.Y.C.P.L. § 440.10(3)(a) does not bar Laigo from seeking further collateral review of his ineffective assistance claims, Laigo's claims are not exhausted and the Court may dismiss the petition on that basis.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

However, Laigo's petition presents both exhausted and unexhausted claims, and therefore is a "mixed petition."  *Pratt v. Greiner*, 306 F.3d 1190, 1197 (2d Cir. 2001).  Notwithstanding Laigo's failure to exhaust all claims properly, the Court has the discretion to deny Laigo's mixed petition on the merits, including the unexhausted claims.  28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Jelinek v. Costello*, 247 F. Supp. 2d 212, 262–63 (E.D.N.Y. 2003) (discussing discretionary denial of *habeas* petition on the merits); *Loving v. O'Keefe*, 960 F. Supp. 46, 48 (S.D.N.Y. 1997) (denying *habeas* petition on the merits despite non-exhaustion).  The Court accordingly elects to address the merits of all ineffective assistance claims in the petition.

The Court also reaches the merits of all grounds asserted in this petition regarding ineffective assistance irrespective of Laigo's failure to demonstrate "cause and actual prejudice" in failing to raise the claims before the state court or actual innocence.  *See St. Helen v. Senkowski*, 374 F.3d 181, 184 (2d Cir. 2004); *Ferdinand v. Ercole*, 04-CV-00092, 2008 WL 3200206 (E.D.N.Y. July 26, 2008).  By doing so, the Court "affords the petitioner the

opportunity he seeks:  to have his constitutional claim considered by this Court on *habeas* review," which "effectuates congressional intent, conserves judicial resources, and affords petitioner prompt adjudication of his claim."  *Cowan v. Artuz*, 95-CV-9967, 1996 WL 631726, at *5 (S.D.N.Y. Oct. 24, 1996) (internal citation omitted).

IV.    *Ineffective Assistance of Counsel*

Laigo bears the burden of persuasion to demonstrate that his trial counsel's performance was so inadequate as to rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 688, 696 (1981).  To prevail, Laigo must show both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A reasonable probability "is a probability sufficient to undermine confidence in the outcome."  *Id.*

A.    *State Court's Summary Rejection of Laigo's Ineffective Assistance Claims Creates a Strong Presumption Against* Habeas *Relief*

Laigo raised some of his ineffective assistance claims during his State court appeal.[2]  The Appellate Division summarily rejected those claims, finding that Laigo was afforded effective assistance of counsel, and affirmed his conviction on all counts.  *People v. Laigo*, 70 A.D.3d 970, 971 (2d Dep't 2010).[3]  "A claim need not be addressed in detail by a state court to have been

_____

[2] As previously discussed, despite Laigo's failure to raise before the Appellate Division all of the grounds he now asserts in support of his ineffective assistance claim, the Court considers all of the grounds set forth in the petition.

[3] The Appellate Division stated:  "The defendant was afforded the effective assistance of counsel (*see People v. Baldi*, 54 N.Y.2d 137, 146–147 (1981))."

adjudicated on the merits." *Howard v. Walker*, 406 F.3d at 122 (internal quotation marks omitted) (citing *Ryan v. Miller*, 303 F.3d 231, 245-46 (2d Cir. 2002)).

Although the Appellate Division did not articulate the reasoning behind its decision, the court cited to *People v. Baldi*, 54 N.Y.2d 137 (1981). *Baldi* stands for the principle that "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement [for representation of counsel under the Sixth Amendment] will have been met." *Id.* at 147 (citations omitted).  "A New York court 'adjudicates' a federal ineffective-assistance claim 'on the merits' if it applies or simply cites *Baldi*." *Lopez v. Greiner*, 323 F. Supp. 2d. 456, 570 (S.D.N.Y. 2004) (citing *Eze v. Senkowski*, 321 F.3d 110, 122–1214 (2003)).

The Appellate Division's summary rejection of Laigo's ineffective assistance of counsel claims is an adjudication on the merits entitled to AEDPA's deferential standard of review.  *See Hawthorne v. Schneiderman*, 695 F.3d 192, 196 (2d Cir. 2012) ("AEDPA unquestionably requires deference to a state court's 'summary disposition' of an appeal.").  As here, "where a state court's decision is unaccompanied by an explanation, the *habeas* petitioner's burden still must be met by showing that there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. ---, 131 S. Ct. 770, 784 (2011).

AEDPA requires federal courts to grant state courts substantial "deference and latitude" when considering an ineffective assistance of counsel claim on *habeas* review.  *Harrington*, 131 S. Ct. at 785.  Indeed, review of a state court's rejection of an ineffective assistance claim is "doubly deferential" and is subject to a "strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Knowles v. Mirzavance*, 556 U.S. 111, 123, 124 (2009).

B.    *Laigo Has Failed to Demonstrate that the Appellate Division's Determination Was Unreasonable*

Laigo has failed to demonstrate that the Appellate Division's rejection of his ineffective assistance claims was unreasonable.  The six instances of ineffective assistance cited by Laigo in his petition are not supported by the record or did not result in any prejudice to Laigo.

First, contrary to Laigo's assertion, the performance of his counsel at trial was not inadequate.  Laigo's counsel cross-examined prosecution witnesses, interposed objections, presented opening and closing arguments, elicited favorable witness testimony, and otherwise meaningfully represented Laigo.  *See, e.g.*, Dkt. 6-13 at 180–183, 246–268; Dkt. 6-15 at 316–338, 464–482.  In particular, defense counsel sought to exploit, through cross-examination and closing argument, the contradictions in the police witness testimony, Johnstone's and Danielson's credibility issues, and the discrepancy between the amount of money paid to Laigo and the quantity of cocaine found on Johnstone and Danielson, all of which supported Laigo's defense that the transaction was a loan repayment and not a drug transaction.  Dkt. 6-14 at 326–27; Dkt. 6-15 at 473.

Second, Laigo's assertion that his counsel was ineffective for not requesting an "addicted witness" charge (Dkt. 6 at 34) is, in part, contradicted by the record and, in any event, fails to demonstrate any prejudice.  The charge given by the trial court amply instructed the jury to consider both the "physical condition" and credibility of interested witnesses during its deliberations.  Dkt. 6-15 at 507.  No further instruction regarding "addicted witnesses" was warranted.  Indeed, Laigo's counsel argued in his summation that the jury had a basis for not crediting the testimony of Johnstone and Danielson because they were drug addicts and convicted felons with an incentive to curry favor with the prosecution by testifying against Laigo.  Dkt. 6-15 at 473–74.

Finally, Laigo's other claims, regarding the failure to object to expert testimony, move for dismissal and preserve his sufficiency of evidence argument for appeal, similarly do not demonstrate any prejudice because there is nothing in the record to indicate that they affected the outcome of his case.  *Strickland*, 466 U.S. at 694 (petitioner must show, *inter alia*, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").  Regarding the expert witnesses, Laigo offers no basis for challenging the expertise of the two detectives who testified about street-level drug dealing.  Nor does the record provide any such basis.  Laigo also cannot demonstrate that he was prejudiced by the failure to preserve his sufficiency argument for appeal, given that the Appellate Division expressly held that the evidence at trial was legally sufficient to prove his guilt beyond a reasonable doubt. *Laigo*, 70 A.D.3d at 970.

*CONCLUSION*

For the reasons set forth above, Laigo's application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is DENIED.  Because Laigo has not shown that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," the Court declines to issue a Certificate of Appealability.  *Middleton v. Att'ys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (internal quotation marks omitted); *see also* 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").  The Clerk of Court is directed to terminate the petition and to close this case.

SO ORDERED:

  /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: May 7, 2013
       Brooklyn, New York